UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EBONI T. ROBINSON,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:26-cv-10524-BRM-APP<br><br>HON. Brandy R. McMillion<br>United States District Judge<br><br>HON. Anthony P. Patti<br>United States Magistrate Judge |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Eboni T. Robinson ("Plaintiff"), and states as follows:

## I. Jurisdiction and Venue

1. Lincoln admits that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and that this Court has jurisdiction under 28 U.S.C. § 1331. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee welfare benefit plan as defined by ERISA, along with other damages, and Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that Plaintiff was, at certain times, employed by DTE Energy ("DTE") and was, at certain times, a participant in the DTE Energy Long-Term Disability Plan (the "LTD Plan") sponsored by DTE to provide certain benefits to participating, eligible employees of DTE. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln denies that it issued a life insurance policy to DTE or administered any claims for benefits under any life insurance policy that may have been sponsored by DTE. Lincoln admits that it issued Group Disability Income Policy No. GF3-840-435619-01 (the "LTD Policy") to DTE, which Policy, at certain times, insured benefits paid by the LTD Plan sponsored by DTE to provide certain benefits to participating, eligible employees of DTE. Lincoln further admits only that it was, at certain times, the claims administrator of the LTD Plan under the LTD Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan or any alleged life insurance plan that may have been sponsored by DTE. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. To the extent that Paragraph 4 contains legal conclusions, Lincoln is not required to answer. Lincoln admits only that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal

prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. To the extent that Paragraph 5 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits that venue is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## II. Nature of Action

6. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with waiver of life insurance premium ("LWOP") benefits from an alleged life insurance plan, but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln admits that Plaintiff's claim for recovery of benefits from the LTD Plan under the LTD Policy is governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

## III. The Parties

7. Lincoln admits that certain documents reflecting Plaintiff's date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence and, accordingly, denies this and all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that it is an Indiana corporation and that it is authorized to do business in Michigan. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that the LTD Plan is an employee welfare benefit plan as defined by ERISA. Lincoln admits that Plaintiff was, at certain times, employed by DTE and was, at certain times, a participant in the LTD Plan. Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits from the LTD Plan, along with LWOP benefits from a life insurance plan allegedly sponsored by DTE, but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

## IV. Factual Statement & Medical Support

10. Lincoln admits that Plaintiff was, at certain times, employed by DTE as a Support Specialist, Planning and Design. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that Plaintiff's last day of work at DTE was October 16, 2018. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln admits that it sent a letter to Plaintiff dated June 7, 2019, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln denies all allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that medical reviews, physician peer reviews, and investigative reports are contained in the administrative record upon which

Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that investigative reports are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that investigative reports are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that physician peer reviews and transferable skills analyses are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that it sent a letter to Plaintiff's counsel dated May 8, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it issued a life insurance policy to DTE or administered any claims for LWOP benefits under any life insurance policy that may have been sponsored by DTE. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that it received a letter from Plaintiff's counsel dated November 18, 2025, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under LTD Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that it received a letter from Plaintiff's counsel dated November 18, 2025, appealing the denial of Plaintiff's claim for further benefits

from the LTD Plan under LTD Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that it received a letter from Plaintiff's counsel dated November 18, 2025, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under LTD Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that it received a letter from Plaintiff's counsel dated November 18, 2025, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under LTD Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that it received a letter from Plaintiff's counsel dated November 18, 2025, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under LTD Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative

record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that physician peer reviews and transferable skills analyses are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that physician peer reviews and transferable skills analyses are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that transferable skills analyses/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that it sent a letter to Plaintiff's counsel dated January 9, 2026, and Lincoln refers to the letter itself as the best evidence of its contents.

Lincoln admits that physician peer reviews and transferable skills analyses/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that it sent a letter to Plaintiff's counsel dated February 4, 2026, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative

remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. To the extent that the allegations contained in Paragraph 36 seek to interpret the provisions of the LTD Policy, Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies that it issued a life insurance policy to DTE or administered any claims for benefits under any life insurance policy that may have been sponsored by DTE. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln denies all allegations contained in the WHEREFORE paragraph and denies that Plaintiff is entitled to the relief sought therein.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for further benefits from the LTD Plan under the LTD Policy was arbitrary and capricious because the LTD Policy

and relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

4. Plaintiff's claims are barred to the extent the Complaint was not filed within the LTD Policy's or the applicable statutory limitations period.

5. Lincoln is not liable in the capacity in which it has been sued in relation to LWOP benefits, as it did not issue a life insurance policy to DTE or make any LWOP claim decisions at issue in this action.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted,

*/s/ Iwana Rademaekers*
Iwana Rademaekers
(TX Bar No. 16452560)*
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
*Attorney for Defendant*

17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**Admitted to the Eastern District of Michigan*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Iwana Rademaekers*
Iwana Rademaekers